UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James E. Ramette, Trustee,

Plaintiff,

v.

Fred H. Bame,

Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1971 ADM

---

Randall L. Seaver, Esq., Fuller, Seaver & Ramette, P.A., Burnsville, MN , on behalf of the Plaintiff.

Thomas F. Miller, Esq., Thomas F. Miller, P.A., Minneapolis, MN, on behalf of the Defendant.

---

## I. INTRODUCTION

This matter comes before the undersigned United States District Judge pursuant to Defendant's Motion for Leave to Appeal. On July 28, 2000, the Bankruptcy Court issued a Memorandum Order granting in part the Trustee's Motion to Compel Discovery. Thereafter, Defendant filed his Motion for Leave to Appeal. Based on the record and the parties' memoranda in support of and in opposition to the motion, and for the reasons set forth below, Defendant's motion is denied.

## II. DISCUSSION

The Bankruptcy Court's statement of the facts in its Memorandum Order is incorporated by reference for purposes of this Order.

FILED NOV 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

To determine whether a bankruptcy court's order is final for purposes of obtaining the district court's review under 28 U.S.C. § 158(a)(3), a three-part test is applied. *See Lewis v. FHA*, 992 F.2d 767, 772 (8th Cir. 1993). This Court must consider: "(1) the extent to which the order leaves the Bankruptcy Court nothing to do but to execute the order; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) the extent to which a later reversal on that issue would require recommencement of the entire proceedings." *Id.*

First, the extent of the bankruptcy court's future involvement in the case determines the finality of the order. "When only mechanical or ministerial action is required of the bankruptcy court, then the order will be considered final." *Id.* Finality is not present when the bankruptcy court must exercise considerable discretion in the future. *Id.* Here, the bankruptcy court has not resolved all the merits of the controversy. Defendant has made blanket assertions of attorney-client privilege and Fifth Amendment privilege. A blanket assertion of attorney-client privilege is impermissible. *See In re Foster*, 188 F.3d 1259, 1264 (10th Cir. 1999). Because Defendant has merely asserted a blanket privilege and has not asserted a privilege in response to a particular deposition question or document production request, the record is insufficient for the evaluation of any asserted privilege. The bankruptcy court has directed to parties to proceed with discovery and to return with any dispute over a specific assertion of privilege in response to deposition questions or document production request.

The second factor evaluates the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief. Here, the discovery dispute has impeded the Trustee's ability to obtain information regarding estate assets. Thus, the delay caused by this

interlocutory appeal could harm the bankruptcy estate and unsecured creditors because it could effect the Trustee's ability to recover estate assets. Moreover, Defendant will not be harmed by a denial of leave to file an appeal because he has made no specific objection to a particular deposition question or document production request. The third factor, the possibility of recommencing the entire proceedings, does not weigh heavily in either direction.

Based on the three-prong finality test, immediate review of the bankruptcy court's order is inappropriate. The bankruptcy court's order directs the parties to proceed with discovery and return to the bankruptcy court for a hearing to resolve any disputes regarding specific deposition questions or document production requests. Because the bankruptcy court has tasks remaining to be performed in this discovery matter that are not purely mechanical or ministerial, the bankruptcy court's order is not final and is not appealable.

## III. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Leave to Appeal is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: November 7, 2000